IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNIFER MILLER, CHRISTY CRANK, SHERI HALL, ANA MONTREUIL, JENNIFER PATTISON, BRITTANY LANDRY, RACHEL BUCKINGHAM, MICHELLE PRENOSIL, BILLIE JO DARRIN, CALLISTA DODGE, LeANNE GUINN, SIERRIA STATEN, GEORGINA SANCHEZ, CRYSTAL YOAK, MELISSA BUSBY, APRIL MEDLEY, ASHLEY SHOWS, DAWN BADGER, ALYSSA JOCHIM, VIRGINIA COLONDRES, MELISSA FROHRIB, JESSICA THOMPSON, MARSHA WALLACE, BRANDY TODD, DESIRAY ROBINSON, JENNIFER SHUCK, ZARA SELLERS, AMANDA COX, JAYME FREY, ASHLEY THORNBURG, MARSHALEE DAVIS, RHONDA GRAY, TINA HARPER, KAYLA CRANE, JESSICA RAHN, RAIMIE RIVERS, TRISTA JOHANNES, ELIZABETH CARLOS, SHELLIE HOWARD, KENISHA HARDEN, REBA KING, ELIZABETH ROACH, IKESHIA DAVIS, AMANDA HOLLOS, TIFFANY HORVATH, KANDACE HOGAN, ASHLEY ARTHRELL, LATOYA RIVERA, SARA DUNHAM, BETSY VORE, CARLOTTA CAMPBELL, JOANN PENNONCELLO, ASHLEE PATTON, KATHRYN HANEY, JENNIFER BRANNON, TAKEELA MOORE, MELISSA LATHAM, KARINA BANDELA, VALENCIA LINTZ, AUTUMN WILKINSON, NICHOLE BOWES, AMBER GIPE, AMANDA RAY, VALERIE ANDERSON, KATHLEEN SMITH, FAITH GROVER, MADISON WORDEN, ASHLEY KIRBY, SARAHI AYALA, LEONELA MAGALLON, ANTOINETTE RICHARDSON, AYLA JOHNSON, KAILA EXE, TABITHA AMERSON, JESSICA FORTOSO, ROSELLE PALMA, JANESSA KIRK, PRISCILLA BROWN, RACHEL CARTER, VANESSA BENCOMO, LYNN CONNER, CHRISTINE MESA, KATIE ZIEBA, ASHLEY JACKSON, RAMONA EMMOND, ANGELA BROWN, SHANNON GRAHAM, CHARITY SOSA, LETICIA | Case No. _____<br><br>JURY TRIAL DEMANDED |

1

| | |
|---|---|
| **HERNANDEZ, ROSAURA QUINTERO, VANESSA NAVARRO, ROSEMARY HERNANDEZ, KAYLA McCLAND, GABRIELA TORRES,** | |
| Plaintiffs, | |
| v. | |
| **BAYER HEALTHCARE PHARMACEUTICALS INC.,** | |
| Defendant. | |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Bayer HealthCare Pharmaceuticals Inc. ("Bayer") removes this action from the Circuit Court of the City of St. Louis, Twenty-Second Judicial Circuit, State of Missouri to the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[1]  As set forth in more detail below, this Court has subject matter jurisdiction over this action because the only Plaintiff who shares citizenship with Bayer cannot establish personal jurisdiction over Bayer in Missouri and is therefore fraudulently joined. Moreover, removal is also proper because the 94 out-of-state Plaintiffs are procedurally misjoined.  In support of removal, Bayer states as follows:

**I.     INTRODUCTION**

1. Ninety-five plaintiffs from 25 different states filed this civil action on July 31, 2015, in the Circuit Court of the City of St. Louis, styled *Jennifer Miller, et al. v. Bayer HealthCare Pharmaceuticals Inc.*, Cause No. 1522-CC10275.

---

[1] By removing this action to this Court, Bayer does not waive any defenses, objections, or motions available under state or federal law.  Bayer specifically reserves the right to move for dismissal of some or all of Plaintiffs' claims and/or seek dismissal on grounds of lack of personal jurisdiction, insufficient or improper service of process, or improper venue, or under the doctrine of forum non conveniens.

2

2.     This is one of a number of products-liability actions now pending in the federal courts involving allegations of the alleged risks associated with the Mirena® IUS and the adequacy of FDA-approved product warnings.  On April 8, 2013, pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation ("JPML") determined that centralization was appropriate for these actions and began transferring Mirena® cases involving allegations of perforation and/or migration to Judge Cathy Seibel of the United States District Court for the Southern District of New York for consolidated pretrial proceedings.  *See* 4/8/13 JPML Transfer Order, attached hereto as Exhibit A.

## II.    BAYER SATISFIES THE PROCEDURAL REQUIREMENTS FOR REMOVAL

3.     This removal is timely.  Bayer files this Notice of Removal within 30 days of August 11, 2015, the date that Bayer received through service the summons and First Amended Petition.

4.     Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit B is the First Amended Petition[2] filed in this action and attached as Exhibit C is a copy of all the remaining process and pleadings served upon Bayer to date, as well as any other documents on file with the Circuit Court for the City of St. Louis, Missouri.

5.     The United States District Court for the Eastern District of Missouri, Eastern Division, is the proper venue for removal under 28 U.S.C. § 1441(a) because it is "the district and division embracing the place where such action is pending," namely, the City of St. Louis, Missouri.

6.     Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being provided to all parties and the clerk of the Circuit Court of the City of St. Louis, State of Missouri.

---

[2] Only one petition was filed by Plaintiffs, even though it is titled "First Amended Petition."

3

### III.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441

7.   This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(a) and 1441 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, complete diversity of citizenship exists between Bayer and all Plaintiffs besides Christy Crank, who is fraudulently joined (*see* Ex. B, First Am. Pet. ¶¶ 4, 6–98), and Bayer is not a citizen of Missouri (*id.* ¶ 99), the state in which this action was brought.

8.   Complete diversity of citizenship exists for two independent reasons: (1) Christy Crank, an alleged New Jersey citizen, cannot establish personal jurisdiction over Bayer in Missouri and is therefore fraudulently joined, *see infra* ¶¶ 9–16; and (2) alternatively, because the 94 out-of-state Plaintiffs, including the New Jersey Plaintiff, are procedurally misjoined, they must be dropped or their cases severed into individual actions pursuant to Federal Rules of Civil Procedure 20 and 21, after which complete diversity of citizenship will exist in each case with the exception of the New Jersey Plaintiff's case, which can be remanded to state court, *see infra* ¶¶ 17–23.

#### A.   The Only Non-Diverse Plaintiff Cannot Establish Personal Jurisdiction Over Bayer in Missouri and Is Therefore Fraudulently Joined.

9.   Bayer is removing this action on the ground that the only non-diverse Plaintiff, Christy Crank, is fraudulently joined and that her citizenship should be disregarded for purposes of determining diversity jurisdiction. Complete diversity therefore exists among all remaining and served parties.[3]

---

[3] Bayer is incorporated in Delaware and has its principal place of business in New Jersey. Plaintiffs allege that Jennifer Miller is a citizen of Missouri (Ex. B, First Am. Pet. ¶ 4); Plaintiff Sheri Hall is a citizen of Tennessee (*id.* at ¶ 6); Plaintiffs Ana Montreuil, Virginia Colondres, Zara Sellers, Ashley Thornburg, Valencia Lintz, Sarahi Ayala, Leonela Magallon, Janessa Kirk, Rachel Carter, Christine Mesa, Shannon Graham, Leticia Hernandez, Vanessa Navarro, and Rosemary Hernandez are citizens of California (*id.* at ¶¶ 7, 23, 30, 33, 63, 73–74, 81, 83, 86, 91, 93, 95–96); Plaintiffs Jennifer Pattisson, Dawn Badger, Shellie Howard, and Kenisha Harden are citizens of Kentucky (*id.* at ¶¶ 8, 21, 42–43); Plaintiffs Brittany Landry, Melissa Busby, and Ashley Shows are citizens of Louisiana (*id.*

4

10. Fraudulent joinder is an exception to the complete diversity rule. "The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially non-diverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the non-diverse party from the case and retain subject matter jurisdiction over the remaining claims." *Murphy v. Aurora Loan Servs., LLC,* 699 F.3d 1027, 1031 (8th Cir. 2012). Joinder is fraudulent "[w]here applicable state precedent precludes the existence of a cause of action against a defendant." *Filla v. Norfolk S. Ry. Co.,* 336 F.3d 806, 810 (8th Cir. 2003). Although the doctrine is most frequently applied in the context of a fraudulently joined defendant, courts in this District in other Mirena® cases have recognized that plaintiffs can also be fraudulently joined. *See, e.g.*, *Allen v. Bayer Healthcare Pharms., Inc.*, 4:14-CV-178 CEJ, 2014 WL 655585, at **2–4 (E.D. Mo. Feb. 20, 2014) (holding that the non-diverse plaintiffs were time-barred and therefore fraudulently joined to defeat diversity jurisdiction); *Witherspoon v. Bayer HealthCare Pharms. Inc.*, No. 4:13CV01912 ERW, 2013 WL 6069009, at *4 (E.D. Mo. Nov. 18, 2013) (same).

---

at ¶¶ 9, 18, 20); Plaintiffs Rachel Buckingham, Georgina Sanchez, Elizabeth Carlos, Ikeshia Davis, Tiffany Hovarth, Joann Pennoncello, Amanda Ray, Tabitha Amerson, Roselle Palma, and Gabriela Torres are citizens of Illinois (*id.* at ¶¶ 10, 16, 41, 46, 48, 56, 67, 78, 80, 98); Plaintiffs Michelle Prenosil, Callista Dodge and Nicole Bowes are citizens of Iowa (*id.* at ¶¶ 11, 13, 65); Plaintiffs Billie Jo Darrin, April Medley, Marsha Wallace, Latoya Rivera, Karina Bandela, Charity Sosa, and Rosaura Quintero are citizens of Georgia (*id.* at ¶¶ 12, 19, 26, 52, 62, 92, 94); Plaintiffs LeAnne Guinn, Raimie Rivers, Ayla Johnson, Angela Brown, and Kayla McCland are citizens of Oregon (*id.* at ¶¶ 14, 39, 76, 90, 97); Plaintiffs Sierra Staten and Rhonda Gray are citizens of West Virginia (*id.* at ¶¶ 15, 35); Plaintiffs Crystal Yoak, Desiray Robinson, Jennifer Shuck, Amanda Cox, Trista Johannes, and Kaila Exe are citizens of Ohio (*id.* at ¶¶ 17, 28–29, 31, 40, 77); Plaintiffs Alyssa Jochim, Sara Dunham, Betsy Vore, Ashlee Patton, Takeela Moore, and Jessica Fortoso are citizens of Indiana (*id.* at ¶¶ 22, 53–54, 57, 60, 79); Plaintiffs Melissa Frohrib and Jessica Thompson are citizens of Wisconsin (*id.* at ¶¶ 24–25); Plaintiff Brandy Todd is a citizen of Washington (*id.* at ¶ 27); Plaintiff Jayme Frey is a citizen of Maryland (*id.* at ¶ 32); Plaintiffs Marshalee Davis, Elizabeth Roach, Keri Morril, Carlotta Campbell, Jennifer Brannon, Autumn Wilkinson, Priscilla Brown are citizens of Arizona (*id.* at ¶¶ 34, 45, 51, 55, 59, 64, 82); Plaintiffs Tina Harper and Amanda Hollos are citizens of Colorado (*id.* at ¶¶ 36, 47); Plaintiffs Kayla Crane and Katie Zieba are citizens of Michigan (*id.* at ¶¶ 37, 87); Plaintiffs Jessica Rahn, Kathryn Haney, Vanessa Bencomo, and Lynn Conner are citizens of Florida (*id.* at ¶¶ 38, 58, 84–85); Plaintiffs Reba King, Melissa Latham, and Madison Worden are citizens of Oklahoma (*id.* at ¶¶ 44, 61, 71); Plaintiff Kandace Hogan is a citizen of Alabama (*id.* at ¶ 49); Plaintiffs Ashley Arthrell, Kathleen Smith, Faith Grover, Ashley Kirby, and Antoinette Richardson are citizens of Pennsylvania (*id.* at ¶¶ 50, 69–70, 72, 75); Plaintiffs Amber Gipe and Valeria Anderson are citizens of Utah (*id.* at ¶¶ 66, 68); and Plaintiffs Ashley Jackson and Ramona Emmond are citizens of North Carolina (*id.* at ¶¶ 88–89).

11. In Missouri, it is Plaintiffs' burden to establish that the Court has personal jurisdiction (either specific or general jurisdiction) over Bayer. *See Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 231 (Mo. 2010) ("When personal jurisdiction is contested, it is the plaintiff who must shoulder the burden of establishing that defendant's contacts with the forum state were sufficient."); *see also Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996); *Yaeger v. Wyndham Vacation Resorts, Inc.*, No. 4:14-cv-795, 2014 WL 3543426, at *2 (E.D. Mo. July 17, 2014). Each Plaintiff must make a showing as to her individual claims. *See, e.g.*, *Level 3 Commc'ns, LLC v. Ill. Bell Tel. Co.*, No. 4:13-CV-1080 CEJ, 2014 WL 50856, at *3 (E.D. Mo. Jan. 7, 2014), *order vacated in part on other grounds*, No. 4:13-CV-1080 CEJ, 2014 WL 1347531 (E.D. Mo. Apr. 4, 2014). New Jersey Plaintiff Christy Crank cannot satisfy this burden.

12. "Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." *Visasystems, Inc. v. EBM-Papts St. Georgen GmbH & Co.*, 646 F.3d 589, 593 (8th Cir. 2011) (citation omitted). Missouri's long-arm statute reaches activities including the transaction of business in the state and the commission of a tortious act within the state, but only if "'the [cause of] action arose out of an activity covered by [Missouri's] long-arm statute.'" *Id.* (quoting *Conway v. Royalite Plastics, Ltd.*, 12 S.W.3d 314, 318 (Mo. banc 2000)). "[T]he exercise of specific jurisdiction is appropriate if the injury giving rise to the lawsuit occurred within or had some connection to the forum state." *SCF Marine, Inc. v. Miss. Lime Co.*, No. 4:08-CV-1618CAS, 2009 WL 3517530, at *2 (E.D. Mo. Oct. 23, 2009).

13. The New Jersey Plaintiff cannot establish specific personal jurisdiction over Bayer in Missouri. She does not allege her claims arose in or otherwise have any connection to

Missouri.  *See Keeley v. Pfizer Inc.*, No. 4:15CV00583 ERW, 2015 WL 3999488, at *2–*4 (E.D. Mo. July 1, 2015) (Webber, J.) (holding that Missouri court lacked specific jurisdiction over Pfizer as to claims brought by Georgia Plaintiff when there were "no facts suggesting Plaintiff was prescribed the medication in Missouri, purchased the medication in Missouri, saw the advertisements in Missouri, or in any way injured in Missouri"); *Neeley v. Wyeth LLC*, No. 4:11–cv–00325–JAR2015, 2015 WL 1456984, at *4 (E.D. Mo. Mar. 30, 2015) (Ross, J.) (holding that Missouri courts lacked specific jurisdiction over generic drug manufacturer for claims brought by Kentucky plaintiffs because such claims were "entirely unrelated to" manufacturer's "activities in Missouri" and that Kentucky plaintiffs' "cause of action 'arises out of' and 'relates to' activities in the State of Kentucky"); *see also Fidler v. Pfizer, Inc.*, No. 4:15-CV-00582-RWS, Dkt. 14 (E.D. Mo. June 25, 2015) (Sippel, J.) (attached as Ex. D); *Huff v. Pfizer, Inc.*, No. 4:15-cv-00787-RWS, Dkt. 14 (E.D. Mo. July 10, 2015) (Sippel, J.) (attached as Ex. E).

14.     Nor can the New Jersey Plaintiff establish that the exercise of general personal jurisdiction over Bayer is proper in Missouri.  In *Daimler AG v. Bauman*, the Supreme Court reiterated that the inquiry for determining whether general jurisdiction exists "is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so "continuous and systematic" as to render [it] essentially at home in the forum State.'"   134 S. Ct. 746, 761 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)).  The Court "made clear that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there"; "[w]ith respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'"  *Id.* at 760 (quoting *Goodyear*, 131 S. Ct. at 2854).  Only in an "exceptional case" will "a

7

corporation's operations in a forum other than its formal place of incorporation or principal place of business . . . be so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 761 n.19.  Here, Bayer is incorporated in Delaware and has its principal place of business in New Jersey.  There is no basis to conclude that Bayer could be deemed to be "at home" in Missouri, as required under *Daimler*.

15. The allegations in Plaintiffs' First Amended Petition are insufficient to establish general personal jurisdiction, *i.e.*, to establish that this is the "exceptional case" in which Bayer may be found to be at home in a place other than Delaware or New Jersey.  Plaintiffs allege that Bayer conducted business in Missouri, including marketing and selling Mirena®, and was registered to do business in Missouri (Ex. B, First Am. Pet. ¶¶ 3, 102–03).  But the Supreme Court has rejected the argument that a company's "substantial, continuous, and systematic course of business" in a state results in general personal jurisdiction over the company, finding that argument "unacceptably grasping."  *Daimler*, 134 S. Ct. at 761 (quotation marks omitted); *see also Keeley*, 2015 WL 3999488, at *2–*4 (holding that Missouri court lacked general jurisdiction over Pfizer because "simply marketing and selling a product in a state" does not render a corporate defendant "at home" in that state and rejecting the notion that registering to do business in a state acts as consent to personal jurisdiction); *Neeley*, 2015 WL 1456984, at *3 (finding that Missouri courts lacked general jurisdiction over generic drug manufacturer); *see also Fidler*, Dkt. 14 (Sippel, J.) (attached as Ex. D); *Huff*, Dkt. 14 (Sippel, J.) (attached as Ex. E).

16. For these reasons, "there is no reasonable basis for the imposition of liability under state law" for New Jersey Plaintiff Christy Crank, since Missouri courts do not have personal jurisdiction over Bayer with respect to her claims.  *See Murphy*, 699 F.3d at 1031.  Plaintiff Crank is fraudulently joined and her citizenship should be disregarded for purposes of

determining diversity jurisdiction. Complete diversity therefore exists among all remaining and served parties.

> **B.  The Only Non-Diverse Plaintiff and the Other Out-of-State Plaintiffs are Procedurally Misjoined.**

17. Removal is proper here even if the Court chooses to decide subject-matter jurisdiction before deciding personal jurisdiction because complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332(a) because Plaintiffs are procedurally misjoined. Ninety-four of the 95 Plaintiffs indisputably are diverse from Bayer. The one New Jersey Plaintiff should not be considered when determining the Court's diversity jurisdiction because the out-of-state Plaintiffs (including the New Jersey Plaintiff) are procedurally misjoined. The New Jersey and other out-of-state Plaintiffs should be dropped or their claims severed pursuant to Federal Rules of Civil Procedure 20 and 21; the New Jersey Plaintiff's case should be remanded to state court or dismissed, and her citizenship disregarded for purposes of determining diversity jurisdiction; and the claims of the remaining out-of-state Plaintiffs (if those Plaintiffs are not dropped, but their claims severed) should be transferred to their home districts (where they both might and should have been brought) pursuant to 28 U.S.C. § 1404(a).

18. Procedural misjoinder (also known as fraudulent misjoinder) occurs when a party fails to satisfy the conditions for permissive joinder under Rule 20(a). Under Rule 20(a), Plaintiffs may join their claims if (1) they assert relief with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and (2) any question of law or fact common to all plaintiffs will arise in the action.[4] A multitude of cases around the country have held that plaintiffs were not properly joined when the only common link among them was a

---

[4] Missouri's joinder rule is the same in all material respects. *See In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)*, No. CIV.A. 11-3045, 2012 WL 1118780, at *3 (D.N.J. Apr. 3, 2012) ("Missouri's permissive joinder rule is substantively identical to Fed.R.Civ.P. 20(a)." (footnotes omitted), *aff'd*, 751 F.3d 150 (3d Cir. 2014).

9

defective drug or medical device. *See Stinnette v. Medtronic Inc.*, No. CIV.A. H-09-03854, 2010 WL 767558, at *2 (S.D. Tex. Mar. 3, 2010). Where "the facts that form the bases for [the] claims are unique to each plaintiff," there is not "significant identity between the Plaintiffs or their claims from a transactional, factual, or legal standpoint" and "procedural misjoinder is manifest." *Burns v. W.S. Life Ins. Co.*, 298 F. Supp. 2d 401, 403 (S.D. W. Va. 2004) (alteration in original) (quotation marks omitted).

19. Procedural misjoinder "is particularly relevant to large pharmaceutical product liability actions." *In re Fosamax*, 2012 WL 1118780, at *3. "[V]ariables [such] as exposure to the drug, the patient's physical state at the time of taking the drug, and a host of other known and unknown factors . . . must be considered at trial with respect to each individual plaintiff." *Id.* Joinder in these circumstances in no way promotes pretrial or trial convenience or expedites adjudication of Plaintiffs' many asserted claims.

20. Although the Eighth Circuit has not adopted or rejected the procedural misjoinder doctrine, it considered the doctrine's applicability under the "egregious misjoinder" standard in *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010). Under that standard, a plaintiff's claims are procedurally misjoined where the misjoinder is "egregious." *See, e.g.*, *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) ("Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action."), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *accord In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002) (acknowledging doctrine with approval). In addition, district courts have applied the doctrine where, as here, products liability cases were removed from Missouri state court. *See, e.g.*, *In re Propecia (Finasteride) Prods. Liab. Litig.*, No. 12-CV-2049 JG VVP, 2013 WL

3729570 (E.D.N.Y. May 17, 2013); *In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)*, No. CIV.A. 11-3045, 2012 WL 1118780 (D.N.J. Apr. 3, 2012), *aff'd*, 751 F.3d 150 (3d Cir. 2014).

21. The joinder of the 94 out-of-state Plaintiffs, including especially the New Jersey Plaintiff, into this single action is egregious and an effort simply to avoid diversity jurisdiction. Plaintiffs' claims not only lack a common question of law or fact, but they also fail to arise from a single transaction or series of transactions. Plaintiffs do not allege that they have anything in common except the use of Mirena®, which was surgically removed due to an alleged device-related failure. Plaintiffs used Mirena® in different places over various lengths of time. Naturally, Plaintiffs would have different medical histories and would have experienced different medical care. Because Plaintiffs are from different states, their claims (and Bayer's defenses) will be governed by different laws. "[E]ach of Plaintiffs' claims inherently differs in such substantial ways as to frustrate the very purpose of permissive joinder." *In re Fosamax*, 2012 WL 1118780, at *4.

22. Moreover, Plaintiffs have brought suit in a state in which 94 of the 95 of them do not reside. These 94 out-of-state Plaintiffs (including the New Jersey Plaintiff) do not allege any connection whatsoever to the State of Missouri, and it is apparent that those 94 Plaintiffs cannot establish personal jurisdiction over Bayer in Missouri. There is, in short, no basis for the joinder of these Plaintiffs except to deprive the Court of diversity jurisdiction and Bayer of its right to a federal forum. *Id.* at *5 (finding misjoinder egregious where 91 plaintiffs from 28 states joined, but only three plaintiffs were citizens of Missouri, the state where the complaint was filed, and none of the non-resident plaintiffs claimed any connection with Missouri); *In re Diet Drugs*, No. 1203, 1999 WL 554584, at *3 (E.D. Pa. July 16, 1999) (finding misjoinder where nonresident

plaintiffs did not allege any contact with the forum state and plaintiffs failed to point to any logical basis for their joinder).

23. Because the claims of the out-of-state Plaintiffs are so egregiously misjoined, those Plaintiffs should be dropped or their claims should be severed into separate cases and only the claims brought by the New Jersey Plaintiff should be remanded to state court. If severed, the Court should transfer the claims of the remaining out-of-state Plaintiffs to their respective home districts pursuant to 28 U.S.C. § 1404(a). Thereafter, there will be complete diversity between the remaining Plaintiff, Ms. Miller, and Bayer.

### C. The Amount-in-Controversy Requirement is Satisfied

24. On the face of the First Amended Petition, it is apparent that the amount in controversy exceeds $75,000, exclusive of costs and interests. Thus, under 28 U.S.C. 1446(c)(2)(B), the amount-in-controversy requirement is satisfied. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009) (When determining the amount in controversy, the question "is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are . . . .") (emphasis in original) (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir.2002)); *see also White v. United Parcel Serv.*, 4:11CV00707 AGF, 2012 WL 760936 (E.D. Mo. Mar. 8, 2012) (same).

25. Here, "a fact finder *might* legally conclude" that the damages exceed $75,000 because Plaintiffs allege they "required a surgical removal [of their Mirenas®] due to a device-related failure" (Ex. B, First Am. Pet. ¶¶ 4–98). Plaintiffs further allege that their physical injuries are "severe and permanent" and that they "have endured substantial pain and suffering (*id.* at ¶¶ 131, 136, 150, 158, 164, 172, 180, 188, 194). They also allege that "[t]hey have

incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future" (*id.*). Plaintiffs allege they "have lost past earnings and have suffered a loss of earning capacity" (*id.*). Additionally, Plaintiffs allege they "have suffered and will continue to suffer economic loss, and have otherwise been physically, emotionally and economically injured" (*id.*). In addition to compensatory damages, Plaintiffs seek "treble and statutory damages," "attorneys' fees, and all such other relief as the Court deems proper" (*id.* at "WHEREFORE" paragraphs, pp. 23–24, 27–28, 30, 32–35), which are included in the calculation of the amount in controversy. *See Westerfeld v. Independent Processing, LLC*, 621 F.3d 819, 824 n.2 (8th Cir. 2010); *Rasmussen v. State Farm Mut. Auto Ins. Co.*, 410 F.3d 1029, 1030 (8th Cir. 2005); *Polites v. Home Depot U.S.A., Inc.*, 4:13CV143 CDP, 2013 WL 2420674 (E.D. Mo. June 3, 2013); *Cohoon v. Scenic Nursing & Rehab. Ctr., LLC*, 4:07CV1316 HEA, 2007 WL 2669095 (E.D. Mo. Sept. 6, 2007).

26. Where, as here, a plaintiff alleges serious bodily injuries, Missouri federal courts, and other federal courts nationwide, have readily found that the amount-in-controversy requirement is satisfied. *See Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1041 (E.D. Mo. 2004) (holding it was "facially apparent" that amount in controversy requirement satisfied "[g]iven the allegations in the complaint that plaintiffs suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses; have permanent, progressive, and disabling injuries," even though plaintiffs asserted that their total damages did not exceed $75,000); *Bailey v. J.B. Hunt Transp., Inc.*, No. 06-240, 2007 WL 764286, *6 (E.D. Pa. Mar. 8, 2007) (amount-in-controversy requirement satisfied where complaint alleged a "litany of serious, permanent injuries," "surgeries and treatments," and "the allegedly permanent impairment of [the] ability to enjoy life's activities"); *McCoy v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941

(N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding complaint "obviously asserts a claim exceeding $75,000" where plaintiff sought damages for alleged "serious and life-threatening medical conditions" and economic losses due to the use of a prescription medication).

27. Moreover, Plaintiffs are represented in this action by SLChapman LLC (*See* Ex. B, First Am. Pet. at 36), which has filed at least two other Mirena® lawsuits in federal court asserting diversity jurisdiction, and thus, an amount in controversy above $75,000, as well as a Mirena® lawsuit that Bayer removed to federal court on the basis of diversity jurisdiction without any opposition from SLChapman LLC.  The injuries alleged in the complaints of these three other Mirena® lawsuits are the same as or similar to Plaintiffs' alleged injuries here (*See* Ex. F, Complaints from Three Lawsuits, all alleging injuries of surgical removal due to a device-related failure, including perforation and migration).  Therefore, Plaintiffs' counsel cannot in good faith deny that the amount in controversy in this action is less than $75,000 and at the same time represent in three other Mirena® actions, alleging the same injuries, that the jurisdictional amount is satisfied.

28. To dispute that the jurisdictional amount is satisfied in this action, Plaintiffs' counsel would have to argue that a jury legally could not award more than $75,000 in damages to ***any one of the 95 plaintiffs in this action***, while at the same time representing to federal courts across the country that ***every single one of the plaintiffs in their three federal Mirena® actions*** suffered more than $75,000 in damages despite many likely having less extensive or identical injuries.  *See Tebeau v. Gen. Motors Corp.*, 4:09CV00398 ERW, 2011 WL 4953999, at *1 (E.D.

Mo. Oct. 18, 2011) ("Where there are multiple plaintiffs, only one plaintiff must allege a claim that is in excess of $75,000 in order for the Court to have subject-matter jurisdiction over the entire Article III 'case or controversy.'") (*quoting Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 561 (2005)); 28 U.S.C. § 1367.

## IV.   CONCLUSION

29.   In this civil action, there is complete diversity of citizenship because, excluding the fraudulently joined claims for which the Court does not have personal jurisdiction over Bayer and/or claims that are procedurally misjoined, this action is between citizens of different states, and the amount in controversy is satisfied.  Thus, this case is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Defendant Bayer HealthCare Pharmaceuticals Inc. hereby removes the above-captioned action to the United States District Court for the Eastern District of Missouri.

Dated:  September 10, 2015            Respectfully submitted,

**HEPLERBROOM LLC**

By:  /s/ Gerard T. Noce
Gerard T. Noce, #27636
W. Jason Rankin, #62672
211 North Broadway, Suite 2700
St. Louis, MO  63102
314/241-6160
314/241-6116 – Facsimile
gtn@heplerbroom.com
wjr@heplerbroom.com

**Attorneys for Defendant Bayer HealthCare Pharmaceuticals Inc.**

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 10th day of September, 2015, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system and/or U.S. mail, postage prepaid:

Robert J. Evola
Bradley M. Lakin
SLCHAPMAN LLC
330 North Fourth Street, Suite 330
St. Louis, MO 63102

*Attorneys for Plaintiffs*

                                                              /s/ Gerard T. Noce
                                                    *Attorney for Defendant Bayer HealthCare*
                                                    *Pharmaceuticals Inc.*